UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DON SURVI CHISOLM, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>)<br>CPL. HAROLD CAMPBELL, )<br>OFC. BRONSON, and DIRECTOR )<br>BRYAN P. STERLING, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 4:15-cv-4943-RBH-TER<br><br><br><br><br>**ORDER** |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Presently before the court is Plaintiff's Motion for Joinder and Class Action Status (Document # 13). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff alleges that on June 29, 2015, he and several other inmates were being driven to Kirkland Correctional Institution (KCI) by Cpl. Harold Campbell for medical treatment. When some of the inmates refused to sit down at Cpl. Campbell's directive, he intentionally slammed on the brakes, causing the inmates to suffer physical injuries. Plaintiff alleges that he re-injured the shoulder for which he was being transported to KCI in the first place. Upon arrival at KCI, Officer Bronson kept Plaintiff from receiving any medical treatment for over two hours. Plaintiff alleges that Director Bryan P. Sterling is liable for Plaintiff's injuries arising out of his transport by Cpl. Campbell because Sterling "is the executor and approver" of the policy that requires all South Carolina Department of Correction (SCDC) transport vehicles except for buses to be equipped with

seatbelts.

In his motion, Plaintiff seeks to join the present action with three other cases filed by other Plaintiffs arising out of the same events on June 29, 2015: <u>Johnson v. Stirling</u>, Case No. 1:15-cv-4942-RMG-SVH; <u>Norris v. Stirling</u>, Case No. 1:15-cv-4961-JFA-SVH; and <u>Inman v. Stirling</u>, 1:15-cv-4962-JMC-SVH.[1] Although Plaintiff seeks joinder pursuant to Fed.R.Civ.P. 20(a), the more appropriate request is for consolidation pursuant to Fed.R.Civ.P. 42(a)(2) because each Plaintiff has already filed his own case. A court may consolidate actions involving a "common question of law or fact." Fed.R.Civ.P. 42(a)(2). Courts must weigh the benefits of consolidating cases with the risks, such as prejudice, jury confusion, and time and expense created by consolidation. See <u>Arnold v. E. Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir.1982). Nevertheless, "Courts have broad discretion" in deciding whether to consolidate cases under Rule 42(a). <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.</u>, 559 F.2d 928, 933 (4th Cir.1977).

While each of these pending cases arises from injuries sustained when Cpl. Campbell slammed on brakes in the SCDC transport bus, each of these Plaintiffs suffered different injuries. In addition, Plaintiff has included an additional allegation against Officer Bronson, who has not been named as a defendant in the other three cases. Finally, each of these cases is under a different scheduling order and is at a different stage of the litigation process with respect to discovery and dispositive motions deadlines. Therefore, any commonality among these cases is outweighed by the potential prejudice to Defendants in facing a consolidated trial, juror confusion arising from the additional cause of action asserted only by Plaintiff against Officer Bronson, and the delay that

---

[1]Each of these Plaintiffs filed identical motions. This motion was filed prior to any appearance on behalf of Defendants. However, Cpl. Campbell and Director Sterling did file a response in opposition in <u>Johnson v. Stirling</u>, Case No. 1:15-cv-4942-RMG-SVH. See Document # 24 in <u>Johnson</u>. The magistrate Judge assigned to those cases has denied their motions.

would be caused by extending deadlines in each of the cases. Accordingly, Plaintiff's motion is denied as to this issue.

In the alternative, Plaintiff asks that the case be given "class action status in accordance with Rule 23(a). Plaintiff previously raised this request in his Complaint, which was denied. See Order (Document # 7); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (pro se litigant cannot adequately represent a class); Lewis v. City of Trenton Police Dept., 175 F. App'x 552, 554 (3d Cir. 2006)(same; prisoner). Cf. Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners). Furthermore, Plaintiff fails to address any of the prerequisites set forth in Fed.R.Civ.P. 23(a) for class certification. Therefore, Plaintiff's motion is denied as to this request, as well.

For the reasons discussed above, Plaintiff's Motion for Joinder and Class Action Status (Document # 13) is **DENIED**.

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

June 7, 2016
Florence, South Carolina