UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DONSURVI CHISOLM, )<br>a/k/a Don-Survi Chisolm, ) | Civil Action No.: 4:15-cv-4943-RBH-TER |
| )<br>Plaintiff, )<br>) | |
| -vs- )<br>) | **REPORT AND RECOMMENDATION** |
| )<br>CPL. HAROLD CAMPBELL, OFC. )<br>BRUNSON, DIRECTOR BRYAN )<br>P. STERLING, )<br>)<br>Defendants. )<br>_____ ) | |

## I.      INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment and being deliberately indifferent to his serious medical needs. He also alleges that Defendants violated his rights to equal protection. Presently before the court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Document # 30). Because Plaintiff is proceeding pro se, he was warned Pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that failure to respond to the Motion could result in the motion being granted and his case being dismissed. Plaintiff has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

**II.     RULE 41(B)  DISMISSAL**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed

-3-

to prosecute this case. Because of Plaintiff's failure to participate in this action, the undersigned concludes he has abandoned his claims and dismissal is proper.

**III.   CONCLUSION**

For the reasons discussed above, it is recommended that this case be dismissed for Plaintiff's failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 28, 2016  
Florence, South Carolina